UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

ADAM DOE,

          Plaintiff,

     v.

ROB BONTA, et al.,

          Defendants.

No. 2:26-cv-01756-TLN-JDP

**ORDER**

This matter is before the Court on Plaintiff Adam Doe's ("Plaintiff") ex parte Motion for Temporary Restraining Order ("TRO"). (ECF No. 2.)  For the reasons set forth below, the Court DENIES Plaintiff's Motion for TRO.

///

///

///

///

///

///

///

1

I.     FACTUAL AND PROCEDURAL BACKGROUND

This case arises from Plaintiff's inclusion on California's Megan's Law website, which provides the public with certain information on registered sex offenders.  (ECF No. 1 at 3.)  Plaintiff alleges that "Defendants have weaponized a state-maintained public registry into a locational targeting mechanism, enabling an absconded fugitive with a history of retaliatory doxing to track the Plaintiff."  (*Id.* at 1.)  Plaintiff claims violations of: (1) the Fourteenth Amendment, (2) the Eighth and Fourteenth Amendments, (3) Procedural Due Process, and (3) Article I, Section 28 of the California Constitution (Marsy's Law).  (*Id.* at 4–5.)  In his Motion for TRO, Plaintiff requests that Defendants be enjoined from continuing to publish Plaintiff's residential address and location data.  (ECF No. 2 at 4.)

II.    STANDARD OF LAW

Injunctive relief "is an extraordinary remedy never awarded as of right."  *Winter v. Nat. Res. Def. Council, Inc.*, 555 U.S. 7, 24 (2008) (citing *Munaf v. Geren*, 553 U.S. 674, 689–90 (2008).  The purpose of a TRO is to preserve the status quo until a full hearing can be conducted.  *See* Fed. R. Civ. P. 65.  In general, "[t]emporary restraining orders are governed by the same standard applicable to preliminary injunctions."  *Aiello v. One West Bank*, No. 2:10-cv-0227-GEB-EFB, 2010 WL 406092, at *1 (E.D. Cal. Jan. 29, 2010) (internal citations omitted); *see also* L.R. 231(a).

For a TRO to issue, Plaintiff must establish: "[1] that he is likely to succeed on the merits, [2] that he is likely to suffer irreparable harm in the absence of preliminary relief, [3] that the balance of equities tips in his favor, and [4] that an injunction is in the public interest."  *Winter*, 555 U.S. at 20.  Plaintiff must "make a showing on all four prongs" of the *Winter* test.  *Alliance for the Wild Rockies v. Cottrell*, 632 F.3d 1127, 1135 (9th Cir. 2011).  However, the Court may weigh Plaintiff's showing on each of the *Winter* factors using a sliding-scale approach.  *Id.*  A stronger showing on the balance of the hardships may support issuing a TRO even where there are serious questions on the merits "so long as the plaintiff also shows that there is a likelihood of irreparable injury and that the injunction is in the public interest."  *Id.*  Simply put, if "serious questions going to the merits were raised [then] the balance of hardships [must] tip[ ] sharply" in

2

Plaintiff's favor in order to obtain preliminary relief. *Id.* at 1134–35.

Where Plaintiff's requested relief is for an order that a responsible party "take action," that relief is treated as a mandatory injunction. *Garcia v. Google, Inc.*, 786 F.3d 733, 740 (9th Cir. 2015) (citation omitted). The Ninth Circuit has cautioned that "a mandatory injunction goes well beyond simply maintaining the status quo *pendente lite* and is particularly disfavored." *Id.* (citation omitted) (cleaned up). Such relief should be denied "unless the facts and law clearly favor the moving party." *Id.* (citation omitted). "In plain terms, mandatory injunctions should not issue in 'doubtful cases.'" *Id.* (citation omitted).

### III.    ANALYSIS

The Court declines to grant Plaintiff's request for a TRO for several reasons. As an initial matter, because Plaintiff seeks an injunction whereby Defendants would remove his information from California's Megan's Law website, the heightened standard for mandatory injunctions governs here. However, even applying the standard for TROs, Plaintiff's request is unsuccessful due to his failure to demonstrate a likelihood of success on the merits of any claim. This factor is the "most important," and "[b]ecause it is a threshold inquiry, when a plaintiff has failed to show the likelihood of success on the merits, we need not consider the remaining three *Winter* elements." *Garcia*, 786 F.3d at 740 (citation omitted) (cleaned up). Plaintiff does not argue in his motion that he is likely to succeed on the merits of any claim. (*See generally* ECF No. 2.) Instead, Plaintiff's motion sets forth a variety of alleged facts, but it is unclear to the Court how these facts specifically relate to any of Plaintiff's causes of action. (*See id.* at 2–4.) Plaintiff therefore has not met his burden to obtain a TRO under *Winter*, nor has he shown that the facts and law are clearly in his favor as required to obtain a mandatory injunction. Because Plaintiff has not satisfied the likelihood of success factor, the Court need not consider the remaining *Winter* factors. *See Garcia*, 786 at 740. The Court notes however, that Plaintiff similarly fails to discuss or put forth sufficient information to make a showing on the remaining *Winter* factors.

Plaintiff also has not complied with the requirements of Federal Rule of Civil Procedure 65(b)(1) or Local Rule 231, which both govern applications for TROs. Courts regularly deny TROs where the movant fails to comply with procedural requirements, including where the

movant is a *pro se* plaintiff. *Tri-Valley CAREs v. U.S. Dep't of Energy*, 671 F.3d 1113, 1131 (9th Cir. 2012) ("Denial of a motion as the result of a failure to comply with local rules is well within a district court's discretion."). Thus, fir this additional reason, the Court denies Plaintiff's request for a TRO.

### IV. CONCLUSION

For the foregoing reasons, Plaintiff's Motion for TRO (ECF No. 2) is DENIED. This matter is referred to the assigned United States Magistrate Judge for further proceedings.

IT IS SO ORDERED.

Date: May 11, 2026

_____
TROY L. NUNLEY
CHIEF UNITED STATES DISTRICT JUDGE