UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ADAM DOE, | Case No.  2:26-cv-1756-TLN-JDP (PS) |
| Plaintiff, | |
| v. | FINDINGS AND RECOMMENDATIONS |
| ROB BONTA, *et al.*, | |
| Defendants. | |

Plaintiff previously filed a complaint and motion for a temporary restraining order.  ECF Nos. 1 & 2.  Chief Judge Nunley denied plaintiff's motion, finding that plaintiff had failed to meet the heightened standard for a mandatory injunction and that the motion did not comply with procedural requirements.  ECF No. 6.  Plaintiff has now filed a motion for a preliminary injunction, which is pending before the undersigned.  For the reasons stated below, I recommend that plaintiff's motion be denied.[1]

Plaintiff has not filed an amended complaint, so the factual allegations contained in Judge Nunley's order remain unchanged:

---

[1] Plaintiff has submitted two filings suggesting that service was completed.  *See* ECF No. 7.  However, both proofs of service appear to be inadequate.  Plaintiff is directed to California Civil Procedure Code section 416.50 and Federal Rule of Civil Procedure 4(j) for guidance.

1

> This case arises from Plaintiff's inclusion on California's Megan's Law website, which provides the public with certain information on registered sex offenders. (ECF No. 1 at 3.) Plaintiff alleges that "Defendants have weaponized a state-maintained public registry into a locational targeting mechanism, enabling an absconded fugitive with a history of retaliatory doxing to track the Plaintiff." (*Id.* at 1.) Plaintiff claims violations of: (1) the Fourteenth Amendment, (2) the Eighth and Fourteenth Amendments, (3) Procedural Due Process, and (3) Article I, Section 28 of the California Constitution (Marsy's Law). (*Id.* at 4–5.)

ECF No. 6 at 2.

Plaintiff seeks a court order enjoining defendants California Attorney General Rob Bonta and attorney Guadalupe Sanchez from publishing his address on California's Megan's Law website.[2] ECF No. 8. Plaintiff claims that he has maintained seventeen years of compliance with his registration, but he now seeks to have it removed because an individual named Anthony James Dembrowski is "weaponizing the Plaintiff's registry status to commit extortion." *Id.* at 2. To ameliorate his concern, plaintiff mailed a petition to the California Department of Justice seeking to have his address removed from the website. *Id.* at 2-3. DOJ denied the petition, but plaintiff argues that the denial letter predated the delivery of his petition. *Id.* Plaintiff claims that his timeline discrepancy demonstrates that he did not receive due process on the adjudication of his petition.

A plaintiff seeking a preliminary injunction must show: (1) he is likely to succeed on the merits; (2) he is likely to suffer irreparable harm in the absence of injunctive relief; (3) the balance of equities tips in his favor; and (4) an injunction is in the public interest. *Winter*, 555 U.S. at 20. The "balance of equities" concerns the burdens or hardships to a prisoner complainant compared with the burden on the government defendants if an injunction is ordered. *Id.* The public interest mostly concerns the injunction's impact on nonparties. *Id.* (citation omitted). Regardless, "[i]t is always in the public interest to prevent the violation of a party's constitutional

---

[2] "California, like many other states, has since passed a "Megan's law," which allows the public to access the state's sex offender registry. Cal. Penal Code § 290 (West 2011). Pursuant to this law, California now maintains a website through which members of the public can obtain the names, addresses, and photographs of the state's registered sex offenders. *Id.* § 290.4." *Doe v. Harris*, 640 F.3d 972, 974 (9th Cir. 2011), *certified question answered*, 57 Cal. 4th 64, 302 P.3d 598 (2013).

rights." *Id.* (citation omitted).

"A preliminary injunction is 'an extraordinary and drastic remedy, one that should not be granted unless the movant, by a clear showing, carries the burden of persuasion.'" *Lopez v. Brewer*, 680 F.3d 1068, 1072 (9th Cir. 2012) (quoting *Mazurek v. Armstrong*, 520 U.S. 968, 972 (1997) (per curiam)); *see also Winter v. Natural Res. Def. Council, Inc.*, 555 U.S. 7, 24 (2008) (citation omitted) ("[a] preliminary injunction is an extraordinary remedy never awarded as of right").

Where a plaintiff seeks a mandatory injunction, rather than a prohibitory injunction, injunctive relief is "subject to a higher standard" and is "permissible when 'extreme or very serious damage will result' that is not 'capable of compensation in damages,' and the merits of the case are not 'doubtful.'" *Hernandez v. Sessions*, 872 F.3d 976, 999 (9th Cir. 2017) (quoting *Marlyn Nutraceuticals, Inc. v. Mucos Pharma GmbH & Co.*, 571 F.3d 873, 879 (9th Cir. 2009)).

The Eastern District of California's Local Rules impose specific requirements on temporary restraining orders. Local Rule 231 requires "actual notice to the affected party and/or counsel" except in "the most extraordinary of circumstances." L.R. 231(a). "Appropriate notice would inform the affected party and/or counsel of the intention to seek a temporary restraining order, the date and time for hearing to be requested of the [c]ourt, and the nature of the relief to be requested." *Id*.

Under Federal Rule of Civil Procedure 65(b)(1), a court may issue a temporary restraining order without written or oral notice to the adverse party only if:

> (A) specific facts in an affidavit or a verified complaint clearly show that immediate and irreparable injury, loss, or damage will result to the movant before the adverse party can be heard in opposition; and
>
> (B) the movant's attorney certifies in writing any efforts made to give notice and the reasons why it should not be required.

Fed. R. Civ. P. 65(b)(1). Further, Local Rule 231 requires the court to consider "whether the applicant could have sought relief by motion for preliminary injunction at an earlier date without the necessity for seeking last-minute relief by motion for temporary restraining order."

L.R. 231(b).  If the court finds that there was undue delay in seeking injunctive relief, the court may deny the requested temporary restraining order on those grounds alone.  *Id.*

As an initial matter, plaintiff has not satisfied the requirements of Federal Rule of Civil Procedure 65(b)(1) or Local Rule 231.  Courts regularly deny temporary restraining orders where movants fail to comply with procedural requirements, including where the movants are *pro se* plaintiffs.  *See Reno Air Racing Ass'n, Inc. v. McCord*, 452 F.3d 1126, 1131 (9th Cir. 2006) (discussing Federal Rule of Civil Procedure 65 and noting that "courts have recognized very few circumstances justifying the issuance of an *ex parte* [temporary restraining order]"); *Abdel-Malak v. Doe*, No. 5:20-cv-00322-CJC-KK, 2020 WL 5775818, at *1 (C.D. Cal. Feb. 20, 2020) (denying temporary restraining order sought by *pro se* plaintiff for failure to satisfy Rule 65(b)'s "strict requirements"); *Tri-Valley CAREs v. U.S. Dep't of Energy*, 671 F.3d 1113, 1131 (9th Cir. 2012) ("Denial of a motion as the result of a failure to comply with local rules is well within a district court's discretion.").  Plaintiff did not provide either defendant with actual notice of the pending motion for a preliminary injunction order.  Further, plaintiff neither attached proofs of service to the motion nor provided an affidavit detailing notice or describing the efforts undertaken to effect notice.  *See* L.R. 231(c)(5).  While plaintiff's motion is procedurally deficient and could be denied on those grounds alone, I will address the merits as well.

Plaintiff has not demonstrated that he is likely to succeed on the merits.  Plaintiff's claims hinge on the time discrepancy between when the USPS notification shows that his petition was delivered to DOJ and the date of the letter from DOJ denying his petition.  While plaintiff has not provided the USPS notification showing the date the petition was delivered, the undersigned is unclear how the DOJ would be on notice of the need to adjudicate the petition without first receiving it.  Given the procedural defects of the motion and the lack of likelihood of success on the merits, I recommend that plaintiff's motion be denied.

Accordingly, it is hereby RECOMMENDED that plaintiff's motion for preliminary injunctive relief, ECF No. 8, be DENIED.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within fourteen days of

4

service of these findings and recommendations, any party may file written objections with the court and serve a copy on all parties.  Any such document should be captioned "Objections to Magistrate Judge's Findings and Recommendations," and any response shall be served and filed within fourteen days of service of the objections.  The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order.  *See Turner v. Duncan*, 158 F.3d 449, 455 (9th Cir. 1998); *Martinez v. Ylst*, 951 F.2d 1153 (9th Cir. 1991).

IT IS SO ORDERED.


Dated:     June 11, 2026     _____

JEREMY D. PETERSON
UNITED STATES MAGISTRATE JUDGE